## SILAS M. MURRAH VS. THE STATE.

1. CRIMINAL LAW: *Marking animals unlawfully.*
   M. was indicted under sec. 2508, Code 1871, for unlawfully marking an animal, the property of one B. The indictment omits the words, " or without authority of law:" *Held,* that there was no error in this. The offense is complete without these words, and they do not constitute a negative necessary to be averred.

2. SAME: *Indictment. Amendment.*
   Where the indictment charged the name of the owner of the property to be John Barton, and it appeared on the trial that his name was John Thomas Barton, it was not error to amend the indictment. Rev. Code, 1871, § 2799.

3. SAME: *Jurisdiction. New county.*
   Where an offense was committed in the county of Chickasaw, and before any prosecution was commenced, the county of Colfax was formed, including that portion of Chickasaw wherein the offense was committed, the circuit court of Colfax county properly exercised jurisdiction of the case.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

Plaintiff in error was indicted at the August term, 1873, of the circuit court of Colfax county, for unlawfully marking an animal, the property of John Thomas Barton, under § 2508 of the Code of 1871. He was tried at the August term, 1874, of said court, convicted, and sentenced to the penitentiary for five years, from which judgment he prosecutes this writ of error.

The following are the assignments of error:

1. The court erred in overruling the prisoner's motion to quash the bill of indictment.

2. The court erred in overruling the prisoner's motion to exclude the testimony of John Thomas Barton on account of a variance between said testimony and the bill of indictment.

3. The court erred in allowing the district attorney to amend the indictment by inserting the word " Thomas."

4. The indictment is erroneous on account of a variance in first charging the animal to be the property of John Barton.

5. The court erred in refusing to allow the defendant a continuance after allowing the indictment to be amended.

6. The court erred in going to trial on the general issue for the plea of "not guilty," without deciding upon the plea in abatement.

7. The court erred in refusing defendant's charge, and in giving the charge asked for by the state upon the plea in abatement.

8. The court erred in submitting the case to a jury on the plea of "not guilty," the second time, to wit: on the 15th of August, 1874, after having submitted it to a jury on Monday, August 10, 1874, without giving the first jury an opportunity to decide upon the issue before them.

9. The court erred in discharging the first jury before they had rendered a verdict in the case.

10. The court erred in sentencing the defendant without the verdict of a jury.

11. It was error in the court to enter a judgment against defendant punishing him for a felony, when the pretended verdict of the jury did not convict him of felony, and is based upon an unconstitutional statute.

12. The pretended verdict of the jury was defective and void, and no legal judgment could be entered. It was rendered under a void statute.

13. The court erred in sentencing the defendant to hard labor.

14. The court erred in overruling defendant's motion for a new trial.

*Frank A. Critz*, for plaintiff in error:

The phrase "without authority of law," is material, and not merely formal and technical words. Code 1871, § 2884; Kline *v.* The State, 44 Miss., 317. The indictment must pursue the precise language of the statute. Williams *v.* The State, 42 Miss., 328; Starkie Cr. L., 249; 1 Chitty Cr. L., 280–3; Ainsworth *v.* The State, 5 How., 242; Anthony *v.* The State, 13 S. & M., 263; Ike *v.* The State, 23 Miss., 525; Riggs *v.* The State, 26 id., 51; Scott *v.* The State, 31 id., 473. The omission of these words is

fatal. Code 1871, § 2508; 3 Chit. Cr. L., 949; Lynes v. The State, 5 Porter, 241; 1 Chit. Cr. L., 213; State v. Furlong, 19 Me., 225. The discharge of the first jury or the withdrawal of the case from them operates as an acquittal. Josephine v. The State, 39 Miss., 613; 1 Bish. Cr. L., 113, 815, 818, 819, 827, 858–60; Wright v. The State, 5 Ind., 290; McCorkle v. The State, 14 Ind., 39; Ned v. The State, 7 Porter, 187; Kreps v. The State, 8 Ala., 951; Cobia v. The State, 16 id., 781; McCauley v. The State, 26 id., 135; Mount v. The State, 14 Ohio, 295, 305; Grable v. The State, 2 Greene (Ia.), 559. Certain rights cannot be lost or waived. See Newcomb v. The State, 37 Miss., 383; Kohlheimer v. The State, 39 id., 557; Nelson v. The State, 47 id., 626–32; Woods v. The State, 43 id., 372; Wilson v. The State, 42 id., 641; McQuillen v. The State, 8 S. & M., 595. Distinction between felony and misdemeanor. R. C., 1871, §§ 2508, 2631, 2855, 2865; 1 Bish. Cr. L., 4th ed., 210, 580–3, 638, 823, 846–47; 2 id., § 36, 162; 4 Black. Com., 133.

*G. E. Harris*, Attorney General, for the state:

The indictment is sufficient without the words "without authority of law." See Code 1871, § 2508. The indictment could be and was amended as to the name of the owner of the property. Code of 1871, § 2799. Then his testimony was properly admitted. The application for continuance is within the discretion of the court. As to the question of jurisdiction, the offense having been committed in the territory that now forms a part of Colfax county, the circuit court of Colfax county is the only court that could take jurisdiction of the case, although when committed it was a part of Chickasaw county; that the law under which the indictment is framed is constitutional, whether the offense, *malum prohibitum*, be a felony or a misdemeanor, the Code of 1871 is replete with such acts. As to the grade of the offense, see §§ 17, 18, 44, 47, 50, 63, 2496, 2512, 2513, 2710.

TARBELL, J., delivered the opinion of the court.

The plaintiff in error was indicted, tried, convicted and senten-

ced, under the Code, § 2508, for unlawfully marking an animal of another, without the consent of the owner. To the judgment of conviction the accused prosecuted a writ of error, and assigns numerous causes why the judgment should be reversed.

The statute under which this conviction was had reads as follows: "If any person, knowingly, shall mark or brand any animal, the property of another, with a mark or brand not that of the owner, without the consent of the owner, or without authority of law, he shall, on conviction thereof, be imprisoned in the penitentiary not more than three years, or be fined in a sum not more than five hundred dollars, or be imprisoned in the common jail for a period not longer than one year, or both, in the discretion of the court."

There was a motion to quash the indictment for omitting to include the words of the statute, "or without authority of law," which was overruled. An exception thereto constitutes the first assignment of error.

There was no error in this. It is unlike other sections of the code and the cases cited. The offense is complete without these words, and they do not constitute a negative necessary to be averred. The marking "without authority of law," might constitute distinct cause of indictment, or, if done with authority of law, it would be matter of defense.

The indictment charged that the property marked belonged to John Barton. On the trial it appeared that it was the property of John Thomas Barton. An amendment of the indictment was allowed, by the insertion therein of the middle name of Mr. B., to which the defendant excepted, and this is the basis of the second assignment of error. This amendment is expressly provided for in the Code, § 2799.

The third and fourth assignments of error are simply variations of the second.

Upon allowing the amendment of the indictment, the court refused a continuance, except on an affidavit of surprise. Such affidavit being declined, a continuance was refused. There was

no error in this, hence the fifth assignment of error is not well taken.

There was a plea in abatement to the jurisdiction and a verdict of the jury for the state on that issue, but no judgment upon the finding. Without objection, and without calling the attention of the court to the omission of a formal judgment, on that plea, the accused, after the finding, on the plea in abatement, was arraigned and pleaded not guilty to the indictment. The want of a formal judgment on the plea in abatement is first raised here by the sixth assignment of error. It is too late to present a purely technical error of this unimportant character. The decision and action of the court with reference to the question of jurisdiction affirmatively appears, and the record only lacks a formal judgment on that plea.

The plea in abatement presented the fact that the offense was committed in Chickasaw county, but that subsequently, and before prosecution in Chickasaw, the county of Colfax was formed, including that portion of Chickasaw wherein the offense was committed. Upon these facts the court assumed jurisdiction in Colfax. To this the defendant excepted, and this is embraced in the seventh assignment of error, which avers that the circuit court of Colfax had not jurisdiction. This is not error.

The eighth assignment is based on a misunderstanding of the record. It assumes that the cause was submitted to a jury on the merits, on August 10th, and again on August 15th, without accounting in the record for such action. Counsel clearly misapprehend the record. There was but one jury on the merits, whose verdict was rendered August 15th.

The ninth assignment is but a repetition of the eighth, and not well taken.

The tenth assignment avers that the court sentenced the accused without the verdict of a jury. The record does not show this, but that there was a jury and verdict in due form.

The eleventh assignment raises the constitutionality of the statute.

The twelfth assignment is a repetition, in another form, of the eleventh.

The thirteenth assignment avers that it was error to sentence the accused to "hard labor." These words are mere surplusage. They are without special import, and have no effect beyond the laws regulating the conduct and control of persons imprisoned in the penitentiary.

. There was a motion for a new trial on the following grounds:

1. Because the court erred in refusing the defendant's first charge on the plea in abatement.

2. The court erred in giving the first charge for the state.

3. The jury found contrary to the evidence.

4. The jury found contrary to the law and the evidence.

This motion was overruled, and is the basis of the fourteenth and last assignment of error.

The evidence simply sustains the verdict. The charges referred to in the motion for a new trial are those given and refused on the plea in abatement. The court held that the courts in Colfax had jurisdiction, and refused to charge that they had not. .

There were no charges to the jury on the merits.

No error is shown in this case. The constitutionality of the statute involved is discussed in another branch of the case (No. 1545), on *habeas corpus*, present term, to which reference is made.