## ELIZA MILLER v. THE STATE.

1. CRIMINAL LAW. *Indictment for assault with intent to kill and murder. Code 1871, § 2497.*

It is not necessary, under § 2497, Code 1871, to charge a battery in the indictment, and the charge of an assault with intent to kill and murder is sufficient.

2. SAME. *Variance. Amendment.*

On the trial of an indictment for an assault with intent to kill and murder Roan Blackman, after the evidence for the State was closed, and during the examination of witnesses for the defence, it was disclosed by the defendant's evidence that the name of the person on whom the assault was committed was Roan Blackburn. *Held,* that the court did not err in ordering an amendment of the indictment by directing the name "Blackman" to be changed to "Blackburn" without the consent of the accused.

3. SAME. *Construction and constitutionality of § 2799, Code.*

Sect. 2799, Code 1871, providing that, whenever on the trial of an indictment a variance appears between the allegation and proof in the name of the person charged to be injured, the court, if it shall consider the variance immaterial and that the defendant cannot be prejudiced in his defence on the merits, may order the indictment, record and proceedings to be amended according to the proof, while it confers a delicate power, which should be employed cautiously, with scrupulous regard to the defence on the merits and on such terms as to preclude the possibility of harm, and for any abuse of which the judgment will be reversed, is, nevertheless, not unconstitutional, the exercise of the power conferred being limited and guarded as provided in the statute, and the action of the court both in ordering the

amendment and refusing a continuance on the ground of the amendment being, by the terms of the statute, subject to review by the Supreme Court.

4. SAME.   *How amendment made under* § 2799, *Code.*

Under § 2799, Code 1871, where, on the trial of an indictment, it is disclosed by the evidence that the name of the party injured is misstated in the indictment, the order of the court directing the amendment does not work the amendment, but an actual manual change of the name in the indictment must be made; and if the name be corrected in one essential place in the description of the offence in the indictment, and not corrected in another in the same description, the verdict subsequently rendered on the indictment as amended cannot be sustained.

ERROR to the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

*Singleton Garrett*, for the plaintiff in error.

1. The amendment of the indictment was error.   *McGuire v. State*, 35 Miss. 367.

2. The statute, § 2799, Code 1871, is unconstitutional. § 31, Bill of Rights ; art. 1, Const. 1869.

3. The indictment was bad, because it did not charge an *assault* and *battery* with a deadly weapon.   *Williams* v. *State*, 42 Miss. 329.

*G. E. Harris*, Attorney-General, for the State.

1. The amendment of the indictment was authorized by the Code of 1871, § 2799, and no application was made for a continuance.

2. The indictment is sufficient under the provisions of the Code : " Every person who shall be convicted of . . . or of any assault . . . upon another with any deadly weapon." Code 1871, § 2497.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error, having been convicted of an assault with a deadly weapon, with intent to kill and murder, prosecutes her writ of error, and complains that the indictment is bad, because it does not charge a *battery*, and *Williams* v. *State*, 42 Miss. 328, is relied on in support of this point.   That decision was in reference to art. 18, p. 575, Code of 1857, which differs from § 2497 of the Code of 1871, under which this indictment

was found, in that an assault *and battery* with a deadly weapon, &c., was made punishable by the former, while " *any assault,* or assault and battery," &c., is punishable by the latter. It is not necessary, under § 2497 of the Code, to charge an assault and battery, and the indictment is sufficient.

It is further complained that the Circuit Court erred in ordering an amendment of the indictment, by directing the name " *Blackman* " to be changed to " *Blackburn,*" without the consent of the accused, and after the evidence for the State had been closed, and during the examination of witnesses for the defence. " *Blackman* " was the person upon whom the defendant was charged to have made the assault ; and when evidence disclosed that the real name was " *Blackburn,*" the court ordered an amendment of the indictment by substituting " *Blackburn* " for " *Blackman.*" This was in accordance with § 2799 of the Code of 1871, and proper. We do not perceive any constitutional objection to the law authorizing amendment of indictments. It does not violate § 31 of art. 1 of the Constitution to correct an error in the name of a person specified in an indictment duly found and returned by a grand jury. The object of this provision of the Bill of Rights is to protect against criminal procedure, except upon an inquest of a grand jury in all cases of felony, but it was not intended to deny to the legislature the power to pass laws to secure the efficiency of procedure under an indictment found by a grand jury, by making an amendment which does not deprive the accused of any substantial right necessary to the ends of justice. The use of a name is to identify the person. The importance of properly identifying the person on whom an assault is charged to have been committed is to apprise the accused of the particular offence charged with a view to his defence, and to enable him to plead former jeopardy, if indicted again for the same offence.

In this case the accused was indicted by a grand jury for an assault on a particular person, but by mistake the name of this person was erroneously stated in the indictment. It would not be competent to change the indictment so as to charge a distinct and different offence from that preferred by the grand jury ; but where the amendment is merely to state truly the

name of the person for an injury to whom the grand jury indicted the accused, it is not obnoxious to constitutional objection.  The amendment may be made to state truly and describe accurately the *particular and identical offence for which the grand jury indicted*, but not to charge one for which the grand jury had not indicted.  The statute allows the court, on trial of an indictment for any offence, to cause an amendment to be made, not to introduce another and distinct offence, but to accurately describe and particularly identify, as to names, the very offence charged, "if it shall consider such variance" (as disclosed by evidence) "not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence on the merits;" and this is to be on such terms as to postponing the trial (lest surprise may work injury to the defence) to be had before the same or another jury, as such court shall think reasonable; and the action of the court, both in ordering an amendment and refusing a continuance on that ground, is made the subject of review by the Supreme Court.  Thus limited and guarded, we do not think this power is *extra*-constitutional.  To make certain and precise the charge in an indictment is an advantage to the defendant; and so long as the exercise of the power is confined to truly and precisely identifying and particularizing the very offence indicted for, it violates no right, and does no harm, provided due respect is had to the limitations and conditions by which it is guarded by the statute.  It is, undoubtedly, a very delicate power, and should be employed cautiously, and with scrupulous regard to the defence on the merits, and on such terms as to preclude the possibility of the slightest harm to such defence.  Where there has been the slightest abuse of this power of amendment, we would not hesitate to reverse a judgment for it.

In the case under consideration the amendment was properly ordered.  In making it in the indictment there was a careless omission to amend the name in both places where it is used in the indictment; and after the amendment the charge was for assaulting Roan Blackburn, with the intent to kill and murder Roan Blackman, and of this the accused was found guilty.  For this blunder in making the amendment of the indictment ordered by the court the judgment must be reversed.  If the

order of the court itself worked the substitution of names, nothing would be required but the order distinctly specifying the amendment to be made, and it would thereafter be considered as made ; but the phraseology of the statute evidently carries with it the idea of a manual change in the indictment, by the actual substitution of the name by insertion in lieu of that stricken out.

*Judgment reversed, new trial granted, and cause remanded.*