THOMAS PEEBLES v. THE STATE.

1. CRIMINAL LAW.   *Amendments.   Section 2799 of the code of 1871 is constitutional.*

Section 2799 of the Code of 1871 — which provides that, on the trial of an indictment for any offense, if there shall be a variance between the indictment and the proof in the name of any person alleged to be the owner of any property which shall form the subject of the offense charged, it shall be lawful for the court, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment, and the record and proceedings thereon, to be amended according to the proof, on such terms as to postponing the trial as the court shall think reasonable — is not unconstitutional.   The case of *Miller* v. *The State*, 53 Miss. 403, affirmed.

2. SAME.   *Surprise, by amendment.   Continuance.*

Where an indictment is amended under section 2799 of the Code of 1871, and the defendant does not ask for a continuance of his case, he cannot afterwards object that he was surprised and prejudiced in his defense by the amendment.

ERROR to the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

The plaintiff in error was indicted for the larceny of a hog of the value of $12, the property of "Margaret Majors." Upon the trial the evidence disclosed the fact that "Clark Majors" was the owner of the hog stolen, and the court ordered the indictment amended to correspond with the proof. The amendment ·was accordingly made, and the accused excepted.

*Collins & Rasberry*, for the plaintiff in error.

1. The statutes of amendment and jeofails do not apply to indictments.   Bouv. L. Dic.

2. The Constitution provides that no person shall be tried

for an indictable offense except upon the presentment of a grand jury.   An indictment is the finding of a jury upon oath, and it cannot be amended without the concurrence of the grand inquest by whom it was presented.    1 Chitty's Cr. Law, 297 ; 35 Miss. 366 ; *McGuire* v. *The State*, 2 Morris, 1097 ; 2 Russ. on Cr. 154, 162.

*G. E. Harris*, Attorney-General, for the State.

The amendment of the indictment was authorized by section 2799 of the Code of 1871.   *Murrah* v. *The State*, 51 Miss. 675 ; *Miller* v. *The State*, 53 Miss. 403.

CHALMERS, J., delivered the opinion of the court.

The only question presented is as to the constitutionality of section 2799 of the Code, which permits certain specified amendments in indictments.   The question was fully considered in the case of *Eliza Miller* v. *The State*, 53 Miss. 403, and decided in favor of the constitutionality of the statute.

In this case there was an affidavit submitted, on the motion for new trial, to the effect that defendant had been surprised by the amendment, and thereby prejudiced in making his defense.

The circuit judge overruled this motion, stating in his order that he did so because no continuance had been asked, nor any intimation given that the defendant was in any manner hindered in his defense by the amendment.

We think this action was correct.   A defendant cannot proceed with a trial without objection, and, after conviction, claim that he has been damnified by an action to which he did not object.

Judgment affirmed.