## JAMES KNIGHT, JR., *v.* THE STATE.

1. TRESPASS UPON LAND. *Criminal law. Section 2980, Code 1880, construed.*
   In the trial of a defendant indicted under ¿ 2980, Code of 1880, which makes it a criminal offense to go on the inclosed land of another without his consent, after notification not to do so, neither the title to the land nor the rightfulness of the possession thereof is involved, as the statute was intended to protect persons in the actual possession of inclosed land, whether they have title to the same or not.

2. SAME. *Criminal practice. Amendment of indictment under ¿ 3081, Code 1880.*
   Section 3081, Code of 1880, provides that "whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof, in the name of any person alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein, it shall be lawful for the court, if it shall consider such variance not material to the merits of the case, and that the defendant will not be prejudiced thereby in his defense on the merits, to order such indictment to be amended, according to the proof, on such terms as to postponing the trial as such court shall think advisable." Under this statute, an indictment of one for going upon the land of another (under ¿ 2980, Code 1880) may be amended by striking out the name of the owner of the land as therein stated and inserting that of the true owner, as developed by the proof.

3. SAME. *Criminal law. Presumptive criminal intent.*
   Where, by statute, the doing of an act is made a criminal offense without reference to the intent with which it may be done, the law will presume a criminal intent from the doing of such act, and it is no defense that the party charged with such offense committed it in good faith, not intending to do a wrongful act.

APPEAL from the Circuit Court of Lee County.

HON. L. E. HOUSTON, Judge.

James Knight, Jr., was indicted by the grand jury of Lee County in two counts, charging (1) that he did go "upon the in-

closed lands of one Jesse Ridings and unlawfully remain on such lands without the consent of the said Jesse Ridings, after a request by the said Jesse Ridings to depart," and (2) " that the said James Knight, Jr., did unlawfully go upon the inclosed lands of one Jesse Ridings after having been notified by the said Jesse Ridings · not to do so."

On the trial the proof for the State developed the fact that defendant had gone upon land belonging to Mrs. N. A. Ridings, wife of Jesse Ridings. · The district attorney then asked and obtained leave to amend the indictment so as to charge in the first count (the second count remaining unchanged) as follows : That defendant " did go upon the inclosed land of one N. A. Ridings and unlawfully remain on such lands without the consent of the said N. A. Ridings after a request by the said Jesse Ridings to depart." To the action of the court in allowing this amendment the defendant excepted. .

The bill of exceptions recites that ".on cross-examination the defendant asked Jesse Ridings if the land in question had not been sold under execution issuing from a judgment in Monroe County, in the case of *M. M. Davis* v. *Jesse Ridings*, and that at such sale M. M. Davis purchased the same. .To the introduction of this evidence the State objected, which objection was by the court sustained and the same was excluded from the jury."

. The defendant was put upon the stand and testified that M. M. Davis told him that he (Davis) owned the land, and that he (defendant) did not intend to commit a trespass upon the land, but went upon it in good faith as a tenant of M. M. Davis, and believed he had a good right to remain. This evidence, as to defendant's intention and belief, was excluded by the court on motion of the State.

The defendant then offered in evidence a deed from the sheriff of the county to M. M. Davis, purporting to convey this land. He also offered to show by the sheriff that he took Davis with him upon said land and told him that he then and there put him in possession of the land under his deed to Davis. All this evidence was excluded by the court. The court also excluded a paper pur-

porting to be a contract for the rent of the land by M. M. Davis to the defendant. The court refused several instructions asked by the defendant bearing upon the facts sought to be established by the evidence offered and excluded as above set out. The jury found the defendant guilty, and the court fined him twenty-five dollars. The defendant appealed to this court.

*S. M. Taylor,* for the appellant.

1. It was error to permit the indictment to be amended by striking out the name of Jesse Ridings in the first count, and inserting that of N. A. Ridings.

I contend that in this kind of case this cannot be done; that § 3011 of the code does not go that far, because the foundation of the prosecution *is* and *must be* that it must be the inclosed land of a certain person, and that to change the name of the owner of the land, as laid in the bill of indictment, makes the bill a new one. And this, I contend, can only be done by the grand jury.

But if it be true that this can be done, is it not improper to force the defendant on into the trial under the case just presented by the amendment of the court?

The second count of the indictment charges that the land belonged to Jesse Ridings, and the first count charges that it was the land of N. A. Ridings.

Does this not present rather a novel indictment?

2. Appellant contends that the real title or ownership of the land upon which the trespass is alleged to have been committed is a question that the jury should have been permitted to look to, but the court held, as the record shows, the only question involved with reference to the land was, " Who was in possession ?"

The statute under which appellant was indicted, I submit, does not bear the court out in this view, for it raises the question of title, the language of the statute being, " the inclosed land of another." *It does not say, " inclosed land possessed by another" !*

I contend that the question of title is necessarily involved. Why, to take the theory of the court below, it would lead to this, *i. e.,* that it does not matter who owns, or claims to be the owner, the only question being, " who is in possession ?" neither does it mat-

ter how he got in—it may be as a trespasser—yet if he only be in possession, and defendant enters, believing himself the true owner, and is notified, under § 2980, to depart, and he refuses to do so—then he is a criminal trespasser.

3. Defendant offered to prove that he went on this land as renter under a written contract with M. M. Davis, who, he believed, was the owner and possessor thereof; that he did not intend to commit a trespass, but went there in good faith.

It was certainly error to exclude this evidence. The court should have permitted accused to speak of his intentions, and to introduce his rental contract, because this contract itself should relieve the defendant, if it was entered into in good faith, from a *criminal intent.*

*T. M. Miller*, Attorney General, for the State.

Under the circumstances of this case it was not error to order an amendment substituting the name of N. A. Ridings in place of Jesse Ridings. Code, § 3081 ; *Thomas Peebles* v. *The State*, 55 Miss. 434 ; *Miller* v. *The State*, 53 Miss. 403.

Even had the sale under execution conferred title on M. M. Davis, that did not give him the right to intrude on the possession. of Mrs. Ridings. He could have maintained an action of ejectment at best. Having no right to intrude himself, he could confer none on the defendant.

It is an error to suppose that an indictment under this statute was meant to put the possessor's whole title in evidence, as in an action of ejectment.

The purpose of the statute was to prevent breaches of the peace by allowing a criminal prosecution against one intruding upon the peaceable possession of another, and thus removing the temptation to resort to violence to effect a removal.

I take it that the only difference between our law and the common law and English statutes discussed in the text-books is, here there need be no force or terror either in the entry or the detainer. See 2 Bishop Cr. L. 489–514.

There need be no allegation of estate or interest in the premises. "The requisite is, that the person claiming possession, whether by right or wrong, should be in actual, peaceable possession."

Defendant testified that he did not intend to commit a trespass, but went there in good faith.

This testimony was properly excluded because it was a mere matter of opinion on the part of the witness. If he had stated that he did not know the Ridings were in possession it would have presented a different case, but to admit a state of facts that would constitute a trespass, and to say that he did not believe it to be such, is not permissible—*ignorantia juris neminem excusat.*

ARNOLD, J., delivered the opinion of the court.

The amendment of the indictment was authorized by § 3081 of the code, and sanctioned by *Peebles* v. *The State,* 55 Miss. 434, and *Miller* v. *The State,* 53 Ib. 403, and other cases.

It appears from the record that appellant excepted to the action of the court in allowing the indictment to be amended, but it is not shown how he was prejudiced in his defense on the merits, or that he claimed or suggested any reason for a postponement of the trial on account of the amendment being made, and we must assume that he suffered no prejudice by the amendment, and that it produced no cause for delaying the trial.

Section 2980 of the code, was intended to protect by penal sanctions, persons in the actual possession of inclosed land, whether they have title to the same or not. Under an indictment on this statute, neither the title to the land nor the rightfulness of possession is involved, but the inquiry is restricted, as was held by his Honor the circuit judge, to the question of actual possession by the party who complains of the trespass. The court could not in such proceeding, determine the validity of titles or the legal rights of the parties as to possession. Other remedies are provided by law for such purposes.

As appellant did not controvert the proposition that the inclosed land was in possession of the Ridings when he entered, his evidence touching his alleged interest or that of another in the land, and his instructions on these points, which were asked, and refused, were not pertinent to the issue.

The good faith or honest belief of appellant that he had a right

to enter and take possession of the land, was no defense to the charge against him. It is true that a criminal intent is necessary to constitute crime, but when a certain act, without reference to the intent with which it may be done, is prohibited by statute, intent to do the forbidden act, is a sufficient evil intent, and none other is necessary, in such case. The law presumes that every person intends to do, that which he does, and when one does an act in itself unlawful, the law presumes the intent to do that act, and the act itself, is evidence of the illegal intent. 1 Bish. Cr. L., § 345; *Bain* v. *The State*, 61 Ala. 75.

*There is no error in the record and the judgment is affirmed.*