Daniels, J.
The indictment charged the defendant with having feloniously stolen, taken and carried away a case of shoes of the value of thirty-five dollars and seventeen pairs-of shoes of the value of three dollars each pair, of the goods, chattels and personal property of a certain corporation called the Bay State Shoe and Leather Company. On th j trial the people failed to produce proof of the incorporation of the Bay State Shoe and Leather Company, but it appeared by the evidence that Charles W. Bucldin was its superintendent, having the lawful possession, care and custody of the property mentioned in the indictment. Before this evidence was taken an application was made on behalf of the *67 people to amend the indictment by inserting the statement in it that Charles W. Bucklin was the owner of the stolen property. That amendment was made, and to the direction permitting it to be done the defendant excepted, and an application was made for his discharge for this reason after all the evidence had been given upon the trial.
Whether the court was right in permitting this amendment to be made to the indictment is the sole objection raised in support of the appeal. The amendment was made under the authority contained in section 293 of the Code of Criminal Procedure. That section has provided when a variance between the allegation contained in the indictment and the proof shall arise in respect to time, or in the name, or description, of any place, person or thing, the court in its judgment, if the defendant cannot be prejudiced in his defense on the merits, may direct the indictment to be amended according to the proof. It has been further provided by section 281 of the same Code, that when the offense charged involves a private injury, and has been described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured, is not material. The section under which the amendment was allowed was considered by the learned counsel for the defendant to have been an infraction of some of the provisions of the constitution or the state at the time when the appeal was taken, but that was held otherwise in the case of People v. Johnson (4 N. Y. Crim. Rep., 590). And it is conceded that the same conclusion is substantially sustained by an unreported decision made by the court of appeals. And a similar statute was held to be constitutional in Miller v. State (53 Miss., 403), and it was followed in Peebles v. State (55 id., 434).
The section itself providing for the amendment of an indictment has been enacted in very broad language, and it has provided for a variance between the allegation in the indictment and the proof respecting the name of the owner of the property charged to have been stolen. Such a variance did not appear upon the trial of this indictment, and it was to correct and avoid it that the amendment was made. The name of the owner of the property was no material attribute whatever of the crime charged to have been committed by the defendant. It was included in no act of his in the way of the commission or consummation of the crime. That was committed by feloniously taking or stealing the property mentioned in the indictment. It was not essential to the crime that the property should be owned by any particular corporation or person, and the principal object of inserting the name of the owner in the indictment, was to *68 enable the prosecutor to prove the fact that the property was taken without the consent of such owner. The amendment could in no manner prejudice the defendant in his defense on the merits, for the gist of the charge was that he had feloniously stolen this property.
And he was as well able to secure his acquittal, or to meet and remove the charge, if he had the ability to do so, with the name of the superintendent inserted in the indictment as the owner, as he would have been if the name of the corporation itself had remained as the owner of the property. The proof as to the absence of consent would be precisely the same in either instance, as long as the fact was that the superintendent was the custodian and in the possession of the property. It was by his testimony, and his testimony alone, or evidence equivalent to that by which proof of this fact could legally be made. "And as he was the custodian or bailee of this property it was regular and proper to allege him to have been the owner under the legal settled rule of practice governing this subject. 2 Bish. Crim. Pro., §§ 719, 720, and notes containing references to the cases.
At the common law it is entirely clear that this amendment could not have been made to the indictment. 1 Bish. Crim. Pro., §§ 708-711; Ex parte Bain, 121 U. S., 1; McBride v. Com, 13 Bush, Ky., 337.
But where this rule has been abrogated and changed by statute as it now has in this state, there the practice has been to permit similar amendments to be made by the court to an indictment
In State v. Bell (65 North C., 313), an indictment was held to be good which contained the initial letter of the first name of the person mentioned in it.
And in Mulroony v. State (26 Ohio, 326), under a statute similar in its effect to the law of this state, an averment of ownership in two persons was held not to entitle the defendant to an acquittal when it appeared by the proof that the title was vested in one of the persons named.
In State v. Manning (14 Texas, 402), the defendant pleaded in abatement to the indictment, the incorrect statement of an initial middle letter of his name, and that was held to be amendable under an act passed after the offense had been committed. The principle there stated by the court is specially applicable to this class of cases. For it was declared in the opinion, the name by which the party was indicted, could have nothing to do with the question of his guilt, the character of the offense, the measure or degree of criminality the punishment attached to it, or with the evidence which should be sufficient to warrant a conviction. Id., 406.
*69 This principle was followed in People v. Johnson (supra), where the surname, “Olyphant,” was changed to “ Olivet,” and the name of “Wilna,” as the town named in the indictment, was changed to “Champion,” and that the court on appeal held to be authorized by this section of the Code.
The same practice was pursued and sanctioned in State v. Jenkins (60 Wis., 599), where an information against the defendant for receiving stolen property was allowed to be amended by adding the name of the person committing the theft.
In State v. Snow (30 La. Ann., part 1, 401) a change was allowed to be made upon the trial in the date of a forged bill. And in Murrah v. State (51 Miss., 675) the indictment was amended by changing the name of the owner of an animal alleged to have been criminally marked from John Barton to John Thomas Barton. And in Millers. State (supra) the surname of Blackman was changed to Blackburn.
Statutory provisions of a similar description are contained in chapter 100 of 14 and 15 Victoria, section 1, and chapter 45 of 12 and 13 Victoria, section 10. And under these provisions a case similar to that now presented arose in Reg. v. Fullerton (6 Cox C. C., 194), where the title to stolen property was laid in the wrong person, and it was held that the indictment might be amended as it was in this respect upon the trial. This practice was also followed in Reg. v. Vincent (2 Dennison C. C., 464). There the change was made from the name of Matthew Archard to London Dock Company. And a somewhat similar change was allowed in Reg. v. Pritchard (8 Cox C. C., 461) under a still earlier statute enacted during the reign of George the Fourth. This practice was also followed in the case of an indictment with intent to kill in Reg. v. Welton (9 Cox C. C., 297). And the addition of the word “trustees” to the names of the persons mentioned in the indictment was permitted in Reg v. Marks (10 Cox C. C., 367). And in the description of the offices of certain justices named in an indictment for perjury in Reg. v. Western (11 Cox C. C., 93).
These authorities are evidently sufficient to sustain the course taken upon the trial of the defendant. The amendment was within the language of this section of the Code, and the authority for making it is very fully sustained by the decisions where they have arisen either under this or other equally effectual statutory provisions. Where, however, the identity of the particular individual is material and made part of the offense charged, as was the accusation in State v. Morgan (35 La. Ann., 1139), was an indictment for rape, or for the sale of liquor, as was the fact in *70 Blumenberg v. State (55 Miss., 528), there a change in the name of the person has not been permitted to be made. These cases are, however, exceptional, having no relevancy or bearing upon the disposition of this appeal.
The conviction was accordingly right, and it should be affirmed.
Van Brunt, P. J., and Brady, J., concur.