## No. 206.

### THE STATE OF LOUISIANA VS. JOSEPH JEAN PIERRE.

One may be indicted by a name other than his true one, if he is sometimes called by it, answers to it when called, and makes an appearance in court demanding relief under it.

The provisions of act 124 of 1874, making a distinction between grand and petit larceny do not conflict with, or repeal those of section 814 of the Revised Statutes, denouncing the crime of horse-stealing.

An immaterial and impossible date in an indictment may be corrected at any time; particularly when the date is not of the essence of the offense charged.

It is the right and the duty of judges to cause proper corrections to be made in the minutes of their courts, to the end that same may conform to the truth; especially when errors, or omissions are within their personal knowledge.

It is not necessary that the minutes should show that the defendant was present at the time a motion to quash is tried, nor when an indictment is amended in an *immaterial* matter.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Mouton, J.*

*C. H. Mouton,* District Attorney, for the State, Appellee.

*Edward Simon,* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.   The defendant having been convicted of horse-steal-

ing, and sentenced to two years' imprisonment at hard labor, prosecutes this appeal; and upon sundry bills of exceptions taken to the rulings of the trial judge, overruling his motion to quash, application for a continuance, and motion in arrest of judgment, etc., he relies for relief.

I.

The motion to quash the indictment assigns:

1st. That his name is Louis Victor, and not Joseph Jean Pierre, as stated therein.

2d. That section 814 of the Revised Statutes, under which he is indicted, has been repealed by act 124 of 1874, which created the crimes of grand and petit larceny, and repeals all laws in conflict therewith.

On the trial of the first ground of the motion the following facts, substantially, were elicited, viz:

That when called upon to be arraigned, the clerk addressed him as Joseph Jéan Piérre, and asked him if that was his name, and he replied that it was not, and gave another. The court then asked him if he was not known, and sometimes called Joseph Jean Pierre, and he replied in the affirmative. He was thereupon arraigned, pleaded not guilty, and prayed for a trial by jury.

It also appears that subsequent to the defendant's arrest under the indictment, he was incarcerated in jail, and petitioned the judge to fix the amount of his appearance bond, and it was accordingly done; and on his procuring the necessary security he was released from custody. In that petition, order and bond he is styled Joseph Jean Pierre. The jailor states that when the bond was prepared he called the defendant by that name; that he answered, and, as that person, he signed, in his presence, the appearance bond, and was by him released from confinement.

There is no force in the objection.

Section 814 of the Revised Statutes denounces horse-stealing, and not larceny; and it does not conflict with the provisions of act 124 of 1874, classifying the crime of larceny in two grades, as grand and petit larceny.

II.

Defendant made an affidavit for a continuance in order to obtain the testimony of an absent witness, which was refused; but we cannot examine the matter, as the defendant retained no bill of exceptions to its refusal.

III.

Further objection was raised by the accused to the district attorney making a correction in the indictment of the date at which the crime

was charged to have been committed—that is to say, by changing 1887 to 1886—and on the day the cause was called for trial, and after the jury had been empaneled, but prior to the commencement of the trial.

The date laid in the indictment for the commission of the offense was the 22d of December, 1887—a date which has not yet arrived, and hence an impossible one.

The record shows that the grand jury only returned the bill into court on the 8th of September, 1887, making the one given in the indictment a manifestly erroneous date. In the crime of horse-stealing the date at which it was committed is not of its essence; and the correction was properly permitted.

IV.

The defendant moved the arrest of the judgment of the court on various grounds, viz:

1st. That the minutes of the court do not show that the indictment was found by the grand jury, or was returned into court while it was in session; and if returned into court it was not returned and signed by the foreman of the grand jury in his official capacity.

2d. That the minutes do not show that the accused was present in court when the motion to quash was tried, and when the amendment to the indictment was offered and made, etc.

3d. That the indorsement of the foreman of the grand jury upon the bill of indictment is in every respect informal, and irregular, and deficient in law; and the finding was not recorded, etc.

From the bill of exceptions it appears, that the minutes did not show that the indictment that was returned into court was indorsed by the foreman of the grand jury; and the judge permitted the district attorney to have them amended by the clerk *instanter* by inserting the name and capacity of the foreman.

The endorsement on the bill is in strict keeping with the amendment; and the trial judge says, on assigning his reasons therefor: "The court holds that it can, at any time, make necessary corrections of its minutes, especially, as in this case, the correction is made for the purpose of supplying a material omission, and correcting one within the *personal* knowledge of" himself; and that same was done for no other purpose than to make the minutes conform to the facts.

We think he had the undoubted right to permit the correction after the motion in arrest of judgment had been filed. To have permitted the defendant to take advantage of a *known* and *palpable* error of this kind would have been wrong indeed. 31 Ann. 387, 406; 32 Ann. 558, 224.

It was not necessary that the defendant should have been present in court at the time the motion to quash was tried, or when the indict-ment was amended. It is only necessary that he should be present at all the important proceedings taken in the course of the *trial* and when the verdict of the jury is pronounced. *State vs. Clark*, 32 Ann. 558.

As we had occasion to observe previously, the endorsement of the foreman of the grand jury on the indictment was in good form and correct.

We find no error in the judgment and it is therefore affirmed.

Justice Poché not having been present at the trial takes no part in the opinion.