THE PEOPLE V. JOHN WALLER.

*Criminal law—Information for larceny—Amendment—Judicial
knowledge of divisions of county—Relationship of juror
to prosecutor—Challenge—Charge to jury—
Reasonable doubt.*

1. The Court will take judicial cognizance of the political divisions of a county into townships.
2. Under an information charging a larceny in *one* township in a county, the respondent is not prejudiced by evidence of its commission in *another* township in the *same* county, but in such a case an amendment is properly allowed.
3. There is no statute making the relationship of a juror to the prosecuting attorney a ground for challenge, and his taking part in the trial of a criminal case will not avoid the judgment on account of such relationship.
4. A jury is presumed to understand the English language, and to be able to comprehend the term "reasonable doubt;" and where the court defined it to be " a fair doubt, based on the evidence," if the respondent desired that the term be more fully explained, it was his privilege and duty to ask for further instructions, and, failing in this, he is estopped from asserting error.

Error to Kent. (Montgomery, J.) Argued April 25, 1888. Decided May 11, 1888.

Respondent was convicted of larceny, and sentenced to State prison for three years. Judgment affirmed. The facts are stated in the opinion.

*Frank S. Donaldson (Isaac H. Parish,* of counsel), for respondent.

*Moses Taggart,* Attorney General, for the people.

LONG, J. The respondent was charged with the larceny of a horse of more than the value of $25, and upon a trial in the circuit court for the county of Kent was convicted.

A bill of exceptions was settled, and by writ of error the record removed to this Court.

The following errors are assigned:

"1. That by law the verdict and judgment ought to have been given for the defendant of not guilty, and the defendant discharged.

"2. That the said circuit judge erred in allowing the filing of an amended information in said cause.

"3. That by the record it appears that upon the trial of said cause before said jury no evidence was offered or given proving or tending to prove that the crime of larceny, as charged in the information in this cause, had been committed within the jurisdiction of this court, to wit, in the county of Kent, State of Michigan.

"4. That by the record it appears that upon the trial of the cause one Andrew O'Brien, one of the jurors who sat as a juror in this cause, was and is an own cousin of Lawrence E. Carroll, the assistant prosecuting attorney in and for said county, and who represented the people of this State on the trial thereof before said jury, and that he (the said Carroll) was the blood relation of said Andrew O'Brien within the second degree of consanguinity.

"5. That the said circuit judge erred in failing in his charge to the jury to define what is meant by 'reasonable doubt.'"

The original information filed in the cause charged the larceny to have been committed in the township of Sparta, in the county of Kent, and by leave of court the prosecuting attorney filed an amended information, charging the larceny as committed in the township of Tyrone, in the county of Kent. No amendment of the information was necessary to sustain a conviction of the larceny in the township of Tyrone, though charged to have been in Sparta. Both townships are in the body of the county, and the jurisdiction of the circuit court is co-extensive with the body of the county, and the respondent would not have been prejudiced by such proofs, but the amendment was properly allowed. How. Stat. § 9537; *People v. Mott*, 34 Mich. 81; *People v. Cook*, 10 Id. 164; *People v. Henssler*, 48 Id. 49 (11 N. W. Rep. 804);

*People v. Donald*, 48 Id. 491 (12 N. W. Rep. 669). The Court will take judicial cognizance of political divisions of a county into townships. *Ives v. Kimball*, 1 Mich. 308; *Wright v. Dunham*, 13 Id. 414.

The claim made by defendant under his third assignment of error is not sustained by the record. Swane Gunnison, a witness called by the people, testified as follows:

" I live in the township of Sparta (north part), Kent county. I live on section four. I know the West Michigan Railroad. I have my pasture in Tyrone. The mare was stolen in Tyrone. I live right on the town line. I have land in Tyrone, and it joins that I own in Sparta; and that pasture was right up to the railroad."

We need not discuss the claim made by defendant under his fourth assignment of error, that one of the jurors was related to the assistant prosecuting attorney, who tried the case in the court below. There is no statute that renders such a relationship between a juror and counsel a ground even for challenge. It would not render the judgment void by reason of such counsel taking part in the trial.

It is complained under the fifth assignment of error that the court was in error in not defining the term " reasonable doubt." There was no error in this. We must presume the jury understood the English language, and were able to comprehend the term. If counsel for respondent was not satisfied with this charge, and considered it desirable that the meaning of the term be more fully explained, it was his privilege and his duty to have asked the court for further instructions, and, failing in this, he is estopped from asserting error.

We find no error in the record, and the judgment is affirmed.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.