PEOPLE *v.* BROWN.

1. CRIMINAL LAW—FORGERY—VARIANCE—AMENDMENT OF INFORMATION.

Where an information charged the uttering of a forged check payable to G. *W.* B., and the check introduced upon the trial was payable to G. *M.* B., *held*, that it was proper, under 2 How. Stat. § 9537, to permit an amendment of the information to conform to the proof.

2. SAME—TRIAL—SECONDARY EVIDENCE.

A conviction will not be reversed because the prosecuting attorney, in making proof of the service upon the respondent of notice to produce a certain paper in his possession which the people desired to introduce in evidence, was permitted to read such notice in the presence of the jury.

Exceptions before judgment from Berrien; Coolidge, J.   Submitted June 19, 1896.   Decided July 8, 1896.

Clyde M. Brown was convicted of uttering forged paper. Affirmed.

The respondent was convicted of uttering a forged check, and in the complaint made before the justice of the peace the check was described as follows:

"No. 16.	BENTON HARBOR, MICH., Oct. 28, 1895.
	"FARMERS' AND MERCHANTS' BANK.	$12.50
	"Pay to George W. Baker or order twelve and fifty
— dollars.

"SOLON CUTLER."

In the information filed in the circuit court the order stated the name to be "G. W. Baker." When it was produced upon the trial it read "G. M. Baker." Counsel for the defendant objected to its introduction on the ground that there was a fatal variance between the check as described in the information and the one introduced in evidence. The court permitted the information to be amended by making the name "G. M. Baker."

*James O'Hara,* for appellant.

*N. A. Hamilton,* Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. The court committed no error. The amendment was justified by section 9537, 2 How. Stat. We can conceive of no more appropriate application of this statute than to the case before us. It is impossible that the respondent should have been prejudiced by the amendment. The statute expressly provides for an amendment "in the name or description of any person or body * * * alleged to have been injured by the commission of the offense, or the Christian or surname of any person, * * * and in all cases whenever the variance between the facts alleged in the indictment and those proved by the evidence are not material to the merits of the case." *People* v. *Hamilton,* 76 Mich. 215; *People* v. *Price,* 74 Mich. 37.

2. The people, desiring to introduce in evidence a paper which was in the possession of the defendant, gave written notice to him and to his counsel to produce the paper upon the trial, or parol evidence would be given of its contents. Upon the trial the people proved the service of this notice, and read it to the court in the presence of the

jury. It is assigned as error that the counsel was permitted to read this notice in the presence and hearing of the jury. We do not think this of enough importance to justify a discussion or a reversal of the case. The people were bound to give notice to produce the paper, and to produce proof of service of the notice, in order to give parol evidence of its contents.

The conviction is affirmed, and the court below directed to proceed to sentence.

The other Justices concurred.