KELSO, Appellant, vs. KUEHL, Respondent.

*January 13—February 3, 1903.*

*Slander: Evidence: Verdict: Appeal and error: Jurors: Qualifications.*

1. Where, in an action for slander, the speaking of the slanderous
   words is denied by the defendant, and by one other witness
   present when the alleged slander was uttered, the jury is justi-
   fied in finding a verdict for the defendant.
2. A juror on his *voir dire* testified that he knew the parties, was
   not related to them, had not heard about the case, and could
   decide the case on the evidence without regard to who the
   lawyers were. *Held*, that the fact that the juror was the hus-
   band of the first cousin of one of the defendant's attorneys,—
   a fact which was not known to plaintiff or his counsel until
   after the rendition of the verdict,—did not disqualify him from
   acting as a juror, and is not ground for reversal of the judg-
   ment.

APPEAL from a judgment of the circuit court for Kewaunee
county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*John Wattawa,* and for the respondent on that of *O. H.
Bruemmer.*

WINSLOW, J.  This is an action for slander, which was
tried before a jury, and resulted in a verdict for the defend-
ant.  A motion for a new trial was made on two grounds:
(1) Because the verdict is contrary to the evidence; and
(2) because one of the jurors was the husband of the first
cousin of one of the defendant's attorneys,—a fact which was
not known to plaintiff or his counsel until after the rendition
of the verdict.  The motion was overruled, and judgment
rendered for the defendant, from which plaintiff appeals.

The judgment must be affirmed.  Careful reading of the
evidence shows that there was sufficient evidence in the case
from which the jury were justified in finding a verdict for the
defendant.  The speaking of the alleged slanderous words

was absolutely denied by the defendant, and by one other witness who was present at the conversation in which the slander is charged to have been uttered. As to the alleged disqualification of the juror, it appears that on his *voir dire* he testified that he knew the parties, was not related to them, had not heard about the case, and could decide the case on the evidence, without regard to who the lawyers were. He was not asked whether he was related to the attorneys. There was therefore no deception of any kind practiced. The fact that he had married a relative of one of the counsel did not disqualify him from acting as a juror. This is well-settled law. "Consanguinity or affinity which will afford a ground for challenge for principal cause must exist between the juror and a party to the suit." *It is not enough that there be* affinity between the juror and counsel. Thomp. & M. Juries, § 178; *People v. Waller* (Mich.), 38 N. W. 261.

*By the Court.*—Judgment affirmed.