Welty v. Ward. ·

## WELTY v. WARD.

164  457
167  123

[No. 20,442.  Filed March 30, 1905.]

1. COURTS. — *Jurisdiction.* — *Crime Committed in Another County.* — The Vanderburgh Circuit Court has jurisdiction to try a criminal case wherein the defendant was charged with the commission of a crime in such county, when in fact such crime was committed in a different county.  p. 458.

2. CRIMINAL LAW.—*Indictment.*—*Wrong County.*—In the absence of a statute authorizing the changing of the venue of an indictment in which defendant is charged with the commission of an offense in the county in which the indictment was returned, when in fact it was committed in a different one, defendant is entitled to a verdict of not · guilty, and such verdict would bar another prosecution in that county, but not in another county.  p. 459.

3. CONSTITUTIONAL LAW.—*Criminal Procedure.*—*Changing Venue of Indictment.*—Section 1900 Burns 1901, §1831 R. S. 1881, providing for changing the venue of an indictment where returned in the wrong county and for transferring such cause to the proper county for trial, is not in conflict with article 1, §13, of the state Constitution providing for an impartial trial in the county where the offense was committed.  p. 459.

4. COURTS.—*Jurisdiction.*—*Transfer of Criminal Cause to County in Which Crime Was Committed.*—Where an indictment was returned in the wrong county and transferred under the statute to the proper county for trial, such proper county has jurisdiction to try such cause.  p. 459.

5. CRIMINAL LAW.—*Indictment.*—*Amendment.*—By statutory authority an indictment may be amended.  p. 460.

6. CONSTITUTIONAL LAW.—*Indictment.*—*Right of Accused to be Tried Upon.*—A defendant accused of a felony can not demand as a constitutional right to be tried only upon an indictment returned by the grand jury of the county where the offense was committed.  p. 461.

7. STATUTES.—*Criminal Procedure.*—*Conflict.*—Section 1900 Burns 1901, §1831 R. S. 1881, providing for the amendment of an indictment and the transfer of the cause to the county in which the offense was committed, is not in conflict with the other provisions of the criminal code.  p. 461.

8. CRIMINAL LAW.—*Procedure.*—The code of criminal procedure is wholly statutory in Indiana, and subject to the restraints of the Constitution, the methods of administering the criminal law are exclusively for the legislature to determine.  p. 461.

9. HABEAS CORPUS.—*Use.*—*Correction of Errors.*—The writ of *habeas corpus* can not be used to perform the office of an appeal or writ of error.  p. 461.

From Warrick Circuit Court; *Elbert M. Swan,* Judge.

Action by Robert Welty against Edward W. Ward. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Edgar Durre, Edward A. Lorch* and *Edward Gough,* for appellant.

MONKS, J.—This is a proceeding by writ of *habeas corpus* against appellee, as sheriff of Warrick county, for the discharge of appellant from the custody of such sheriff. Final judgment was entered remanding appellant to the custody of appellee as such sheriff.

It appears from the record that appellant was charged by indictment, returned in the Vanderburgh Circuit Court, with having on February 3, 1903, "feloniously and bigamously married one Laura York in said Vanderburgh county;" that said cause, with all the papers therein, was transferred to the Warrick Circuit Court, and appellant was recognized to appear at said court, under the provisions of §1900 Burns 1901, §1831 R. S. 1881 and Horner 1901, which reads as follows: "When it appears, at any time before verdict or judgment, that the defendant is prosecuted in a county not having jurisdiction, the court may order the venue of the indictment or information to be corrected, and direct that all the papers and proceedings be certified to the proper court of the proper county, and recognize the defendant and witnesses to appear at such court, on the first day of the next term thereof; and the prosecution shall proceed in the latter court in the same manner as if it had there commenced." The proceedings in this cause were in strict conformity with the provisions of said section.

1. Appellee insists that "as the Vanderburgh Circuit Court had no jurisdiction of this case it could not confer jurisdiction upon the Warrick Circuit Court." The indictment charged that the offense was committed in Vanderburgh county, and the circuit court of that county had

under such allegations, jurisdiction to try the same. When it appeared from the evidence at the trial of said cause in said court that the offense charged, if committed, was committed in Warrick county, then §1900, *supra,* directed what action the court should take.

2. If no statute containing the provisions of §1900, *supra,* had been in force when said cause was submitted to the jury in Vanderburgh county, appellant, under the evidence, would have been entitled to a verdict of not guilty, because the offense charged was not committed in that county. Said verdict of not guilty would have been a bar to a second prosecution in Vanderburgh county for the same offense, because in violation of §14, article 1, of the Constitution, which provides that "No person shall be put in jeopardy twice for the same offense." But it would not have prevented a prosecution and conviction in Warrick county on an indictment or information charging the offense to have been committed in the last-named county, because there had been no former jeopardy for such offense.

3. Section 13, article 1, of the Constitution of the State, provides: "In all criminal prosecutions the accused shall have a right to a public trial by an impartial jury in the county in which the offense shall have been committed." The statutes of this State concerning the trial of persons charged with crime, including §1900, *supra,* are in harmony with said §13.

4. The statutes give the Warrick Circuit Court jurisdiction of all felonies committed in that county, and said statutes, including §1900, *supra,* and the order of the Vanderburgh Circuit Court, and the recognizance of appellant made in conformity with the requirements of said §1900, and filing the papers and proceedings mentioned therein in the Warrick Circuit Court, gave said court jurisdiction of the person of appellant and the prosecution against him, the same as if the grand jury of Warrick county had returned an indictment charging the offense to have been com-

mitted in Warrick county, or an affidavit and information to the same effect had been filed in said county, and he had been arrested on said charge and given recognizance for his appearance.

5.   Appellant insists that courts can not amend indictments; citing *Ex parte Bain* (1887), 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849; *Commonwealth* v. *Mahar* (1834), 16 Pick. 120; *Commonwealth* v. *Child* (1832), 13 Pick. 198; *Commonwealth* v. *Drew* (1849), 3 Cush. 279.   These cases are not in point here, for the reason that in Massachusetts there was no statute authorizing the amendment of an indictment; and in the Bain case, which was a prosecution for the violation of a statute of the United States, there was no statute authorizing the amendment of the indictment, and the offense charged belonged to a class which the federal Constitution provides shall only be prosecuted by presentment or indictment of a grand jury.   In this State we have a statute which authorized the court to order the correction of the indictment, and a Constitution which provides (§17, Art. 7) that the General Assembly may modify or abolish the grand jury system.   Statutes authorizing the amendment of indictments have been sustained in a number of states.   *Commonwealth* v. *O'Brien* (1870), 2 Brewster (Pa.) 566; *Knight* v. *State* (1887), 64 Miss. 802, 2 South. 252; *Peebles* v. *State* (1877), 55 Miss. 434; *Miller* v. *State* (1876), 53 Miss. 403; *People* v. *Dunn* (1889), 53 Hun 381, 6 N. Y. Supp. 805; *People* v. *Herman* (1887), 45 Hun 175; *People* v. *Johnson* (1887), 104 N. Y. 213, 10 N. E. 690; *Rosenberger* v. *Commonwealth* (1888), 118 Pa. St. 77, 84, 11 Atl. 782; *Rough* v. *Commonwealth* (1875), 78 Pa. St. 495; *Myers* v. *Commonwealth* (1875), 79 Pa. St. 308, 311; *People* v. *Waller* (1888), 70 Mich. 237, 38 N. W. 261; *People* v. *Brown* (1896), 110 Mich. 168, 67 N. W. 1112; *Shiflett* v. *Commonwealth* (1894), 90 Va. 386, 18 S. E. 838; *State* v. *Casavant* (1892), 64 Vt. 405, 23 Atl. 636; *State* v. *Blaisdell* (1869), 49 N. H. 81; *State* v. *Steb-*

Welty *v.* Ward.

*bins* (1861), 29 Conn. 463, 79·Am. Dec. 223; *State* v. *Pierre* (1887), 39 La. Ann. 915, 3 South. 60; *State* v. *Christian* (1878), 30 La. Ann. 367.

6.   It is evident that a person charged with a felony can not in this State demand as a constitutional right that he be tried only upon an indictment returned by a grand jury of the county in which the offense was committed.   The order of the court, made in this case, that the venue of said indictment be corrected, operated as an amendment of said indictment to that extent, and the requirement of the statute that all the papers and proceedings in the cause be certified to the court of the county where the offense charged was committed is in harmony with §13, article 1, of the bill of rights.

7.   Appellant next insists that said §1900 Burns 1901, §1831 R. S. 1881 and Horner 1901, "is in conflict with every statute of criminal procedure, and that if it is construed to sustain the proceeding in this case, it revolutionizes criminal procedure in this State."   Said section must be construed in connection with all the other sections of our code of criminal procedure, and so construed it is not in conflict with any other section thereof.   It provides for a course of procedure under conditions not provided for in any other section.

8.   In this State all crimes are statutory, and the method of procedure in the prosecution thereof, including the form of the accusation and the manner in which, and by whom, preferred, is for the legislature to determine, except when restrained by the state or federal Constitution.

9.   Other questions are raised by appellant, but they are such as must be presented in the case in which he is in custody, and the remedy is by appeal, and not by *habeas corpus*.   This is true because a writ of *habeas corpus* can not be used to perform the office of an appeal or writ of error.   *Gillespie* v. *Rump* (1904), 163 Ind. 457, and cases cited; *Williams* v. *Hert* (1901), 157 Ind. 211, 87 Am. St.

203, and cases cited; *Lee* v. *McClelland* (1901), 157 Ind. 84, 89, 90; *Willis* v. *Bayles* (1886), 105 Ind. 363, 371; *Cruthers* v. *Bray* (1903), 159 Ind. 685, and cases cited.

Judgment affirmed.