THE STATE OF IOWA, Appellee, v. ROBERT YOUNG, Appellant.

Criminal Procedure: TRIAL FOR MISDEMEANOR IN ABSENCE OF DEFEND-ANT: WITHDRAWAL OF COUNSEL. Where an attorney, appointed by the court to defend one charged with the commission of a misdemeanor, appeared at all stages of the case up to the time of trial, with knowledge of the defendant's absence, and when the case was called for trial, in the absence of the accused, and without giving any reason therefor, or making any request for the protection of his client, announced to the court that he withdrew his appearance for the defendant, *held*, that the court might have declined to recognize the withdrawal, and required the attorney to have continued his appearance; but that it was error to proceed with the trial in the absence of the accused, and without his being represented by counsel.

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

TUESDAY, OCTOBER 18, 1892.

THE defendant was indicted, tried, and convicted of the crime of nuisance, and, his motion to set aside the verdict and for a new trial being overruled, judgment was entered upon the verdict, from which the defendant appeals.—*Reversed.*

*Charles Hall*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GIVEN, J.—The record, after showing the indictment, is as follows:

"Defendant, having been properly arraigned on the seventeenth day of the term, in person entered his plea of not guilty; and thereafter, on the twenty-second day of this term, being the twenty-seventh day of November, 1891, this case was regularly called for trial. The defendant failing to appear in person when the case was called for trial, W. W. Cory, Esq., who had previously appeared as attorney for the defendant, withdrew his appearance before the jury were called or impaneled, and thereupon the court, in the absence of the defendant, and without any appearance in his behalf, caused the jury to be impaneled, and the defendant to be put on trial, without anyone in any manner representing him, and after he had been called by the sheriff and found to be absent; on the trial of which case the state introduced its evidence, being the testimony of the witnesses whose names were on the back of the indictment, and gave to the jury instructions in the case, of which no complaint is made; and on the twenty-seventh day of November, 1891, the jury returned into court their verdict, finding the defendant guilty of the crime of nuisance as charged in the indictment. On the twenty-eighth day of November, 1891, the day of the finding of said verdict, and being the twenty-third day of said term of court, the defendant, through his attorney, filed in said case the following motion in arrest of judgment and for a new trial, which, together with the affidavits thereto attached and the counter affidavit of C. A. Walsh, is all the evidence or other matter or thing before the court upon which it acted in ruling on said motion, to-wit:

"'Comes now the defendant, and moves the court to set aside the verdict in this case, and grant him a new trial, and for arrest of judgment herein for the reasons below set out: *First.* Because neither at the

time of the trial nor at the rendition of the verdict defendant was neither present in court in person or by attorney, nor was he at either time in the custody of the court or any of its officers, as will more fully appear by the annexed affidavits, and shown by the records in this case. *Second.* Because at the time of the trial and rendition of the verdict he was absent from court, and no attorney appeared for or in his behalf. *Third.* Because the court did not at the time of the trial or rendition of the verdict have jurisdiction of the person of the defendant. *Fourth.* Because the defendant, by the trial in his absence, and without the presence of counsel, was deprived of the right of being confronted by the witnesses against him.' "

The affidavits attached show that the defendant was called before the trial, and did not answer; also that W. H. C. Jaques was informed by a friend of the defendant on the forenoon preceding the trial that he was expected to assist in the defense; that, learning that the defendant had left town, Mr. Jaques, soon after the case was called for trial, announced to the court that he was not in the case, and declined to be retained when the defendant was not present. Following the filing of the defendant's motion and these affidavits, the county attorney filed a motion to require Charles Hall, who filed said motion on behalf of the defendant, to show his authority for appearing for the defendant, Young, and, in the absence of authority, moved the court to strike the motion for new trial from the files. Accompanying this motion is the affidavit of the county attorney, showing that Mr. Cory appeared in the case until the moment it was called for trial, when he and Mr. Jaques announced that they withdrew their appearance; that he was informed and believed that Robert Young left the county within a short time after the arraignment and an appearance was entered, and has ever since been absent, and that,

in his best judgment and belief, Mr. Hall never had
authority from the defendant to appear for him in the
case.    The record does not show any ruling upon the
motion of the county attorney, but shows that the de-
fendant's motion was overruled, and judgment entered
against him of a fine of five hundred dollars and costs.

The appellant cites section 4351 of the Code, which
is as follows: "If the indictment be for a misdemeanor,
the trial may be had in the absence of the defendant,
if he appear by counsel; but if for a felony, he must
be personally present."    The appellant contends, cor-
rectly, we think, that under this statute the accused
could not be tried in his absence unless he appeared
by counsel.    There is no question but that the accused
was absent during the progress of this trial, but the
contention is whether he did not appear by counsel.
Mr. Cory, an attorney of the court, appeared as the
defendant's counsel at all stages of the case up to the
time that it was regularly called for trial.    At that
time he announced to the court that he withdrew his
appearance for the defendant.    If, under the facts as
they appear from the record, Mr. Cory had a right to
then withdraw his appearance for the defendant, it
must be said that the defendant did not thereafter
during the trial appear by counsel; but if Mr. Cory
did not have the right to then withdraw his appear-
ance, and it was so held by the court, it must be said
that the defendant did "appear by counsel."

In accepting employment as attorney for the
defendant, Mr. Cory assumed duties to the client and
the court which he was not at liberty to disregard,
except at a proper time, and in a proper manner.
He owed it to the accused not to abandon his defense
for any cause without informing him, and affording
him an opportunity to make other provision for his
defense.    He owed it to the court "to employ, for the
purpose of maintaining the cause confided to him,

such means only as are consistent with truth, and never to seek to mislead the judges by artifice or false statement of fact or law." Code, section 211. According to this record, Mr. Cory, who had appeared at all stages of the case at the time it was regularly called for trial, with knowledge of the defendant's absence, and that the trial could not proceed unless the defendant appeared by counsel, without giving any reason therefor, and without saying that it was with the knowledge or consent of his client, and without making any request or demand for the protection of the accused, announced to the court that he withdrew his appearance for the defendant. We are inclined to the view that when a withdrawal of counsel theretofore appearing for a defendant is not made until the case is called for trial, in the absence of the accused, and is made for the purpose of preventing a trial, the court may decline to recognize the withdrawal, and require counsel to continue his appearance. To hold otherwise would put it in the power of counsel to hinder and delay the administration of justice by preventing the trial of such causes when the accused is voluntarily absent. The record before us does not show that the court so ruled, but, upon the contrary, it appears that "the court in the absence of the defendant, and without any appearance in his behalf, caused the jury to be impaneled, and the defendant to be put on trial without any one in any manner representing him." This was clearly error, for which the judgment of the district court must be REVERSED.