# Richmond.

## SHIFLETT ET AL. v. COMMONWEALTH.

### JANUARY 11th, 1894.

1. CRIMINAL PROCEEDINGS—*Misnomer—Amendment.*—Where defendants indicted jointly for a midemeanor, have been duly summoned, but failed to appear, the court may, in their absence, amend the indictment against "S. C.," and make it read "S. S. *alias* S. C." Code, § 3999.
2. IDEM—*Absence—Imprisonment.*—Upon such indictment, *held*, not error to try defendants in their absence, without first awarding a *capias* for their arrest, nor to enter judgment for their imprisonment in jail (Code, § 4012 and § 4076); nor to order their arrest and imprisonment for non-payment of a fine before a *fieri facias* has been issued. Code, § 726.
3. CONSTITUTION—*Rights of accused.*—Such trial and sentence of such defendants in their absence, *held*, not violative of the constitutional guaranty that "the accused in all criminal prosecutions hath a right to be confronted with the witnesses against him."

Error to judgment of circuit court of Greene county, affirming a judgment of the county court of said county, rendered at its May term, 1892, upon the verdict of the jury at the trial of an indictment against one Scott Shiflett and others for disturbing religious worship. Opinion states the case.

*Field & Thomas*, for plaintiffs in error.

*Attorney-General R. Taylor Scott*, for commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiffs in error were jointly indicted, under section 3805 of the Code, for a disturbance of religious worship. A summons to answer the indictment duly issued and was served upon them, but there was no appearance on the part ot either of them. At the May term, 1892, the following order was entered in the case, viz:

"It appearing to the court that the indictment contains a misnomer in this, that Scott Shiflett is called Scott Crawford, by which last name he is commonly known, but his true name is Scott Shiflett, it is therefore ordered that the indictment be amended by striking ont the name of Scott Crawford and in its place and stead inserting the name of Scott Shiflett *alias* Scott Crawford, which is accordingly done."

At the same term it was ordered as follows: "It appearing to the court that a summons has been executed on each of the said defendants ten days before the present term of this court, and the commonwealth being ready for trial, the court doth order that the trial proceed, though none of the defendants are present, in the same manner as though said defendants had appeared and pleaded not guilty.

The trial thereupon proceeded, and the jury found the defendants guilty, fixing their punishment at four mouths' imprisonment in jail and the payment of a fine of $50 each, and there was judgment accordingly. And on motion of the attorney for the commonwealth a *capias* was awarded commanding the arrest of the defendants and their delivery to the jailor of Greene county, to be by him safely kept in jail for the term of four months, and thereafter until payment of the fine and costs adjudged, such additional confinement, however, not to exceed six months.

The judgment of the county court having been affirmed by the circuit court of Greene county as to the plaintiffs in error here, a writ of error was awarded by one of the judges of this court.

1. The first objection is to the action of the trial court in

allowing the indictment to be amended in the absence of the defendants. This objection, however, is without merit in view of the statute which provides that no indictment shall be abated for any misnomer of the accused, but that "the court may, in case of a misnomer appearing before or in the course of a trial, forthwith cause the indictment or accusation to be amended according to the fact." Code, sec. 3999.

The statute does not say the amendment shall be made only in the presence of the accused; and in the present case the amendment was not made until after the defendants had been summoned to answer the indictment, though we do not mean to say that the amendment might not have been rightly made before service of process. Upon that point it is unnecessary to express any opinion.

2. Nor was there error in proceeding to trial in the absence of the defendants. The argument is that inasmuch as corporal punishment is attached to the offence charged in the indictment, a *capias* ought to have been awarded for the arrest of the defendants, and that it was illegal to order a trial in their absence. But here, too, all doubt is removed by the statute, which reads as follows: "In prosecutions for misdemeanors, in cases not embraced by section 4010, after a summons has been executed ten days before the first day of the term of the court, or if the accused was admitted to bail and make default, the court may either award a *capias*, or proceed to trial, in the same manner as if the accused had appeared and pleaded not guilty." Code, sec. 4012.

3. The next objection, viz: that the trial court erred in entering up judgment in the absence of the defendants, is also settled by the statute, which, as respects misdemeanors, displaces the rule of the common law that judgment for corporal punishment can be pronounced against a man only when he is personally present. Section 4076 of the Code provides that " no *capias* to hear judgment shall be necessary in any prosecution for a misdemeanor, but" that " the court may proceed

to judgment in the absence of the accused; and" that "if such judgment requires confinement in jail, the court may make such order as may be necessary for the arrest of the person against whom such judgment is and for the execution thereof."

4. Another point is that "when the accused is not in custody it is error to direct his arrest and confinement in jail for the non-payment of a fine until a *fi. fa.* has been issued." But section 726 of the Code empowers the court in which any judgment for a fine is rendered, going in whole or in part to the commonwealth, either of its own motion, or at the instance of the attorney for the commonwealth, to commit the defendant to jail until the fine and costs are paid, or until the costs are paid, where there is no fine; and provides further that the court, or the judge thereof in vacation, may direct the clerk to issue a *capias pro fine* either before or after the return of a writ of *fi. fa.* Section 4071, however, provides that when a person is sentenced to confinement in jail a certain term, and afterwards until he pay a fine, &c., such additional confinement shall in no case exceed six months from the end of said term; and this provision was observed in the present case.

5. Lastly, the objection that the defendants have not been constitutionally tried is as destitute of merit as the assignments of error already considered. The constitutional guarantee that the accused in all criminal prosecutions hath a right to be confronted with the witnesses against him, &c., is in no manner violated by any of the statutory provisions above mentioned. The appellants in the present case were given the opportunity, as the statute requires, to appear and defend, and their choice not to appear, but to make default, was a waiver of the constitutional provision now relied on.

We are of opinion that the judgment of the circuit court is right and must be affirmed.

JUDGMENT AFFIRMED.