## WOODIE STUART v. STATE.

No. A-501.   Opinion Filed June 6, 1911.

**TRIAL—Misdemeanors—Presence of Accused.** (a) When a person is placed on trial in a court of competent jurisdiction in this state charged with a misdemeanor, the punishment for which is a fine only, the trial may be had without the presence of such person.
   (b) When a person is placed on trial on a misdemeanor charge, the minimum punishment for which includes imprisonment, it is necessary for such person to be present in person during such trial.

(Syllabus by the Court.)

*Appeal from County Court, Jefferson County; G. M. Bond, Judge.*

Woodie Stuart was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Bridges & Vertrees* and *Gilbert & Bond,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for defendant in error.

ARMSTRONG, J. The plaintiff in error was tried in the county court of Jefferson county on the 27th day of October, 1909, on a charge of unlawfully permitting the sale of

intoxicating liquor on premises owned and controlled by him. A verdict of guilty was returned, and his punishment fixed at a fine of five hundred dollars and imprisonment for six months in the county jail.

On the 29th day of October, thereafter, the following motion in arrest of judgment was filed:

"Comes now the defendant in the above entitled action, and moves the court to grant this defendant a new trial in the above entitled action, and set aside the verdict of the jury in said cause, and for grounds therefor alleges and states:

"That the court erred in placing this defendant upon his trial, after waiver of arraignment by his attorneys, with a demand for the statutory time to plead, which was refused.

"That the court erred in placing defendant upon his trial without being present, and without waiving his presence during the trial of said cause, and without defendant pleading, or refusing to plead.

"That the court erred in overruling defendant's motion to quash the information and refusing to permit defendant to introduce testimony in support thereof.

"Bridges & Vertrees, attorneys for defendant."

This motion was overruled and exceptions saved.

All the questions raised by this motion in arrest of judgment and urged here, except one, have been passed on and settled by this court, and we shall not waste time in considering them again now.

The new question in this case is, Did the county court of Jefferson county have the authority under the law to place the defendant below, appellant here, upon trial during his absence? After a careful investigation we are forced to the conclusion that it did not. The record shows that the trial was had without the presence of the plaintiff in error at any stage of the proceedings. Section 6775, Snyder's Statutes, provides that if the indictment is for a felony the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant.

The only reasonable interpretation of this section of the statute is that a person can be tried upon a misdemeanor charge,

the punishment for which was a fine only, in his absence; but if such charge is one the punishment or part of the punishment for which is imprisonment, the presence of the person charged at the trial is necessary, and a trial had in his absence is a nullity.

The Court of Criminal Appeals of Texas in construing a statute, the purpose and effect of which is the same as ours, in the case of *Washington v. State,* 106 S. W. 361, says:

"There is no law in this state authorizing the trial of a defendant in a misdemeanor case, where imprisonment is part of the punishment, in his absence."

See, also, *State v. Young,* 86 Iowa, 406, 53 N. W. 272.

The offense with which plaintiff in error was charged in this case is one the minimum punishment for which is a fine of fifty dollars and costs, and thirty days' imprisonment in the county jail.

For the error of the county court of Jefferson county in trying this cause during the absence of the plaintiff in error, the judgment is reversed, and the cause remanded for a new trial.

FURMAN, P. J., and DOYLE, J., concur.