### EARNEST LOVE 'V. THE STATE.

#### No. 2581. Decided June 25, 1913.

**1.—Carrying Pistol—Absence of Defendant—Practice in County Court.**

Under article 646, Code of Criminal Procedure, the defendant who was charged with unlawfully carrying a pistol had the right to be personally present when his case was called and tried, and the court had no power or authority to try him in his absence over his attorney's objection, he not having waived his presence.

**2.—Same—Charge of Court—Waiver of Jail Penalty.**

While it may not have been improper for the county attorney to have insisted upon a fine only and not upon a jail sentence, yet it was not proper for the court to so tell the jury in his charge.

Appeal from the County Court of Orange. Tried below before the Hon. O. R. Sholars.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of defendant's absence: Selman v. State, 33 Texas Crim. Rep., 631; Killman v. State, 53 id., 570.

PRENDERGAST, JUDGE.—Appellant was convicted for unlawfully carrying a pistol, and fined $100.

The judgment of the court and appellant's bill of exceptions show that when the case was called for trial the county attorney announced ready for the State, and that the appellant, being sick, failed to appear in person; that the court thereupon called upon appellant's counsel to announce and plead for him; that his counsel stated they would not appear for him in his absence and would not plead for him, and pro-

tested and objected to the trial proceeding in the absence of the appellant; that thereupon the court had the plea of not guilty entered for the appellant, and proceeded with the trial wholly in the absence of the appellant.

Unquestionably the appellant had the right to be personally present when his case was called and tried. The law requires this. (C. C. P., art. 646.) The court had no power or authority to try him in his absence over his attorneys' protest and objection for him. If he was sick and absent on that account, his case should not have been forced to trial. If the court was satisfied that the appellant was feigning sickness, or was not in fact sick so as to prevent his appearance, he should have forfeited his bond, issued another writ for his arrest, and had him brought into court, and then proceeded with the trial. We can not sanction the practice and action of the court in this instance.

We are not discussing whether or not if the appellant had waived his presence in a misdemeanor case and under such circumstances the court had proceeded to trial. That question is not presented herein.

The court in his charge expressly told the jury that the county attorney waived the jail penalty in this case. While it might be entirely proper for the county attorney to urge a higher penalty than the minimum, or urge the jury to inflict a jail penalty as well as a fine, and while it might not be improper for the county attorney, on the other hand, to insist upon a fine only and not upon a jail sentence, we think it not proper for the court to so tell the jury in his charge. This might not present reversible error in this or any other case, but it is better for the court to say nothing of the kind in his charge to the jury.

There is nothing else raised in the case necessary or proper for us to pass upon on this appeal.

For the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*