JOHN GRAY *v*. THE STATE.

(*Nashville.*  December Term, 1928.)

Opinion filed February 23, 1929.

FRED L. SCHUBERT, for plaintiff in error.

NAT TIPTON, assistant attorney-general, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error, herein called defendant, gave bond to appear at the February term, 1928, and answer an indictment for manufacturing intoxicating liquors. The punishment for that offense is ninety days imprisonment and a $250 fine.

The defendant did not appear and was not represented by counsel. It appears from the record that after executing the appearance bond he, with his family, went to Alabama, where he was engaged in logging or timber operations, and his failure to appear and answer the charge was caused by the serious illness of a member of his family. This fact, it appears from an affidavit in the record, was communicated to the trial judge at defendant's request by Carl W. Voorheis, but the district attorney-general moved for a trial in defendant's absence and the motion was granted. The indictment was read, the court entered a plea of not guilty, and the cause proceeded to a verdict upon which the court pronounced judgment imposing both fine and imprisonment; and it was ordered that upon defendant's failure to pay or secure the fine he should be committed to the workhouse.

Subsequently the defendant appeared before the court and by affidavit explained his failure to appear when the cause was called for trial, asserted his innocence and by motion in writing asked the court for a new trial. The motion was overruled, an appeal was prayed and granted, and errors have been assigned which raised the question of the legality of the proceedings and the validity of the judgment rendered in his absence.

*(1)* It has been held that the provisions of Article I, section 9, of the Constitution do not extend to cases where the punishment is limited, as under the so-called small offense law, or to indictments against corporations whose physical appearance is impossible. *Lebanon and Big Spring Turnpike Co.* v. *State,* 141 Tenn., 675; *Commonwealth* v. *Lehigh Valley R. Co.,* 27 L. R. A., 231; *State* v. *Sexton,* 121 Tenn., 35.

But where both fine and imprisonment may be imposed for the offense, the defendant has a right to be present with counsel, and a trial and conviction in his absence is invalid unless, according to some of the authorities, he waives the right to be present. 16 C. J., sec. 2070; Vol. 1, Bishop's New Criminal Procedure, 234.

Referring to Vol. 1, Bishop's New Criminal Procedure, 237, it appears that "when the defendant's presence is, in the lower misdemeanors, dispensed with, counsel must represent him at the trial; and he must always be present at least by attorney. But the presumed authority of an attorney does not extend to waiving his client's presence; he should be specially empowered."

Some of the authorities distinguish between cases in which imprisonment may be inflicted and where the punishment is by fine only. The reason for the rule being

stated in Bishop's New Criminal Procedure, 241, as follows:

"If the punishment must be, or in the particular instance is to be, merely a fine, it is the discretion of the court to impose it in the defendant's absence. For if he has visible property, a fine may be collected without possession of his person, but not imprisonment inflicted, hence—imprisonment—or any other corporal punishment, whether in treason, felony, or misdemeanor, can be pronounced only when the defendant is personally present."

*(2)* The greater weight of authority is that in misdemeanors, as well as felonies, the presence of the defendant is required, first, to enable the court to execute the judgment against his person, and second, to afford the accused an opportunity to present his defense to the end that there may be a complete investigation of the charge. *Slocovitch v. State,* 46 Ala., 227; *Lawn v. People,* 11 Colo., 343; *State v. Young,* 86 Iowa, 406; *State v. Garland,* 67 Me., 423; *State v. Campbell,* 42 W. Va., 246; *Lyons v. State* (Ga.), 66 S. E. 149; *State v. Muir,* 37 Kan., 481; *Corbin v. State,* 99 Miss., 486.

These authorities are in accord with the view in Tennessee. In many instances the punishment inflicted under statutes denouncing conduct as a misdemeanor is as severe as that imposed for minor felonies. This being so, the right of the accused to be present and make defense applies not only in trials for felony, but also misdemeanor, other than as in *Lebanon and Big Spring Turnpike Co. v. State, supra,* and *State v. Sexton, supra.*

It follows that the judgment of the trial court must be declared void, and the cause remanded for trial upon the indictment.