[Crim. No. 3340.   First Dist., Div. One.   Apr. 30, 1957.]

In re HILBERT E. BAIRD, JR., on Habeas Corpus.

Lawrence Speiser and Dennis L. Woodman for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Victor Griffith, Deputy Attorney General, Keith Sorenson, District Attorney (San Mateo), and Robert Carey, Deputy District Attorney, for Respondents.

BRAY, J.—The question raised by this petition for habeas corpus[1] is: Had the court under the circumstances here the

[1]Ordinarily where, as here, the defendant in the criminal case has a remedy by appeal (the defendant has appealed from the conviction), the general rule is that habeas corpus will not lie. (*In re Seeley,* 29

right to proceed with the trial of a misdemeanor charge against the defendant, who had no attorney, in the absence of the defendant?

## RECORD

December 12, 1956, complaint was filed in the Municipal Court of the Southern Judicial District of San Mateo County charging Hilbert E. Baird, Jr., with violation of section 502, Vehicle Code (drunk driving). January 3, 1957, a jury trial was had in which the jury disagreed. Thereupon, in open court and in the presence of defendant and his then attorney, the matter was reset for trial on January 24th. Immediately thereafter, the attorney in the presence of the defendant requested permission of the court to withdraw as defendant's attorney. Apparently prompted by defendant's uncooperativeness, the attorney had three times previously made similar requests which the court had denied. This time the court permitted the withdrawal. Thereupon the court advised defendant (1) of the date, place and time of trial, (2) of the withdrawal of his attorney, (3) that if he wished to be represented by counsel at the trial to take place on January 24th he would have to obtain such counsel himself, and (4) that the court should be advised of the name of the counsel as soon as obtained.

January 23rd (one day before the date appointed for trial), the District Attorney of San Mateo County received through the mail a letter signed by defendant dated January 19th: "In regards to my trial of which is to take place on January 24 in Redwood City Court House, On the charge of Drunken Driving I will not be able to be there until a later date. Due to business beyond my control I was called out of town. I will get in touch with you when I return. Hoping this to be satisfactory I remain: Sincerely Yours, /s/ Hilbert E. Baird, Jr." No return address appeared on either the envelope or the letter. The letter had been previously mailed to defendant's wife at Palo Alto, who remailed it to the district attorney.[2] A deputy district attorney showed the letter

Cal.2d 294, 296 [176 P.2d 24].) However, as there said (p. 296): "But in exceptional cases it may be issued even though other remedies might have been available." It is not necessary in all cases that the defendant exhaust his remedy by appeal. (*In re Bell*, 19 Cal.2d 488 [122 P.2d 22].) Under the circumstances of this case, this court exercises its right of discretion to consider the application for a writ of habeas corpus even though the remedy of appeal is available.

[2] The envelope is postmarked Palo Alto 3 p. m. January 22d. A reasonable inference is that defendant instructed his wife to hold the letter and remail it to the district attorney shortly before the trial.

to the judge of the court who instructed him to have the police department search for defendant to assure his appearance in court the next day, a jury having been called for said trial date about 10 days previously. The police were unable to locate defendant.

About 9:40 on the morning of the day set for the trial, the judge, having been advised that the defendant could not be located, appointed an attorney to represent defendant and see that the jury was properly impaneled, that the introduction of evidence was proper, and in all respects to protect the legal rights of the defendant. Shortly after 10 a.m., in the absence of the jury, the judge forfeited bail in the sum of $525 theretofore deposited by the defendant and ordered a bench warrant issued for the defendant's arrest. The attorney moved for a continuance to give him an opportunity to investigate the facts of the case and to attempt to consult with the defendant. This motion was denied. The court then ordered the trial to proceed. The attorney actively engaged in the trial, examining jurors particularly as to their attitude if the defendant failed to take the stand. He peremptorily challenged three jurors. The jury were not advised at any time of the fact that the defendant was not personally present nor of any fact regarding defendant's failure to appear. The attorney cross-examined witnesses and argued the evidence. The case was given the jury at 1:30 p.m. During the jury's deliberation, one Denney, defendant's bail bondsman, advised the judge that he was bringing the defendant back from Phoenix, Arizona, that evening by airplane. About 2 p.m. the jury returned with a verdict of guilty. The jury then learned for the first time that defendant was not in the courtroom.

On January 23rd the judge notified Denney that if defendant did not appear the next day the bail would be forfeited. The morning of the 24th Denney tried to locate the defendant at the Menlo Park address which the defendant had previously given him. Denney found that defendant had moved and no one there knew of his whereabouts. Denney then contacted a real estate firm where the defendant said he worked part time. They knew him. Denney then contacted an insurance company where the defendant was supposed to be employed. They stated that defendant had left their employment about December 14, 1956. After contacting other persons Denney was given the address of defendant's wife

in Los Altos. Talking to her by phone, she first stated that she did not know where defendant was. Denney told her that it would be better for the defendant to return, pay what would probably be a $250 fine, and have the bail refunded, rather than pay Denney the full amount of the bail and eventually to be arrested on a bench warrant. The wife stated that she expected to hear from the defendant by mail by 3 o'clock and that if she did she would have him contact Denney. Denney said he would call her after 3 o'clock. About half an hour after the above conversation Denney received a call from defendant in Phoenix. He stated that he knew that he was supposed to go to court that day, that he had no money for counsel fees or a fine, and did not want to go to jail; that he went to Phoenix to look for a job, and that he felt that he would not be extradited from Arizona because the charge was only a misdemeanor. Denney stated that he would pay the defendant's fine and defendant agreed to come back if Denney would pay his fare. Defendant would not tell Denney where he was staying, but told him to buy an airlines ticket for him and so notify defendant's wife who would contact defendant, as she knew where he was staying. Denney complied with defendant's instructions. Defendant returned that night and was taken by Denney to the San Mateo County jail. The next morning the judge, upon being advised that defendant was in custody, set aside the bail forfeiture and ordered bail exonerated.

Defendant was then brought into court, advised by the judge of what had transpired and told that the time for judgment and sentence was set for Monday. The attorney appointed by the court gave oral notice of motion for new trial on all statutory grounds, and asked leave to withdraw as counsel. Defendant advised the attorney and the court that he desired to waive time for passing sentence and wanted to start serving sentence. The court refused to allow defendant to waive time and set the time for passing on the motion for new trial and for sentence for Monday. On that day defendant appeared in court with counsel of his own choosing. His motion for new trial was denied and he was sentenced to pay a fine of $500 plus $25 for state assessment or in lieu thereof to be confined in the county jail one day for each $15 of the fine. Defendant filed notice of appeal to the appellate department of the superior court from the judgment and order denying new trial.

## Trial in Defendant's Absence

"The defendant must be personally present at the trial; *provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence.*" (Pen. Code, § 1043; emphasis added.)

The legislative history of this section is interesting.

1. Section 320, Criminal Practice Act (Stats. 1851, § 320, p. 246) provided: "If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant; but if for a felony he must be personally present."

2. Stats. 1863, section 15, at page 160, amended the above section to provide: "If the indictment be for a felony, the defendant must be personally present at the trial; but if for misdemeanor, the trial may be had in the absence of the defendant; *provided,* if his presence be necessary, for the purpose of identification, the Court may, upon application of the District Attorney, by an order or warrant to that effect, require the personal attendance of the defendant at the trial; the defendant shall also be personally present when judgment is pronounced, if the Court may deem it necessary."

3. As enacted in 1872, the section read: "If the indictment is for a felony, the defendant must be personally present at the trial; but if for misdemeanor, the trial may be had in the absence of the defendant; if, however, his presence is necessary for the purpose of identification, the court may, upon application of the district attorney, by an order or warrant, require the personal attendance of the defendant at the trial." This statute appears to have been enacted for a grammatical purpose rather than a legal one.

4. The 1880 amendment, near the beginning of the section, referred to the situation if the "prosecution be for a felony," etc.

5. The 1951 amendment rewrote the section as it exists today.

Section 1148 of the Penal Code provides in part: "If for a misdemeanor, the verdict may be rendered in his absence."

Section 1193 of the Penal Code provides in part: "Judgment upon persons convicted of the commission of crime shall be pronounced . . . as follows: . . . 2. If the conviction be of a misdemeanor, judgment may be pronounced against the defendant in his absence."

*People* v. *Ebner*, 23 Cal. 158, was an action upon recognizance which had been forfeited by the Court of Sessions

of Amador County for the defendant's failure to appear when a misdemeanor case was called for arraignment. His attorney had appeared and offered a plea of not guilty, which was refused. Defendants in the bail action contended that under section 259 of the Criminal Practice Act, as the defendant in a misdemeanor case need not be present at the trial, he had a right to appear and plead by his attorney. The court upheld this contention and stated that the court therefore had no power or authority to enter a default or to declare the recognizance forfeited.

*People* v. *Budd,* 57 Cal. 349, was also an action against sureties on the forfeited bail of a defendant who did not appear in the county court either in person or by attorney at the time set for his misdemeanor trial. The court after considering the Penal Code sections on the subject, and English authorities, held that the bail was improperly forfeited as defendant's personal presence was not required by law and he could have been tried in his absence. Such was also the rule at common law. This case is an answer to petitioner's contention that it is only where a defendant has an attorney and that attorney is present in court, may the defendant be tried in absentia. In *Steele* v. *Commonwealth,* 3 Dana (Ky.) 84, one Steele, charged with "unlawfully setting up and keeping a gaming-table," failed to appear for trial. A jury was sworn, trial had, and the jury found him guilty. The court fined him $500. On appeal it was held that it was proper to try the defendant in his absence. Answering petitioner's contention that as the court has the remedy of forfeiture of bail and issuance of a bench warrant, the court may not try a defendant in his absence, is the case of *Canada* v. *Commonwealth,* 9 Dana (Ky.) 304, where in holding that a prosecution may proceed in the absence of the accused when he is under recognizance, the court said: "That requisition was only intended to afford to the Commonwealth security for satisfaction in the event of conviction, and, as decided in the case of *Steele* v. *Commonwealth,* 3 Dana, 84, we are satisfied that the British practice has been, in fact, recognized and confirmed here by legislative enactments; and that consequently, when, as in this case, the accused has been recognized to appear, he may be tried whether he appear or not." (See also *Carroll* v. *Police Court,* 66 Cal.App. 66 [225 P. 35] ; 21 Cal. Law Rev. 484, at 488, first paragraph of footnote 25.)

In *United States* v. *Noble,* 294 F. 689 (affirmed 300 F. 689, 692), the defendant and his counsel were not present during

portions of the trial. Concerning their absence the court said: "Whether these defendants were tried for misdemeanors or felonies, the law is that, though a defendant is entitled to be present during all the proceedings of the trial, this right may be and is waived, if he on bail voluntarily absents himself during the trial's progress. *For otherwise no trial but could be designedly defeated,* at least where statutes permit bail to be enjoyed throughout the trial." (Pp. 691-692; emphasis added.)

The language in *Diaz* v. *United States,* 223 U.S. 442 [32 S.Ct. 250, 256, 56 L.Ed. 500], dealing with one who voluntarily absents himself from a trial once started, is particularly appropriate here in dealing with one who deliberately and voluntarily refuses to present himself for trial on the day fixed. " 'The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendence of a trial before a jury, to operate as a shield.' " (P. 256 of 32 S.Ct.)

*Tischhauser* v. *Jarvis,* 95 Cal.App. 524 [273 P. 66], answers petitioners' contention that a defendant in a misdemeanor case who absconds may be tried in his absence only if he is represented at the trial by his attorney. That case was an action on an agreement to indemnify plaintiff against loss in executing a bail bond to secure the appearance of one Simon on a misdemeanor charge. At the time set for trial in the justice's court Simon failed to appear and his bail was declared forfeited. After expending considerable money in an endeavor to locate Simon, the plaintiff appointed an attorney to represent Simon. The attorney caused a plea of guilty to be entered and the court fined Simon $100 which the plaintiff paid. Thereupon the court revoked the forfeiture of bail and exonerated it. The plaintiff sued to collect from the indemnitor the expenses he had been put to in attempting to locate Simon and in paying his fine. The portion of the opinion important

here is that which held that an absconding defendant in a misdemeanor case has no longer a right to appear by counsel. The court said (p. 530): "It, therefore, follows that the defendant in the criminal case here, having placed himself without the constructive custody of the court, had no authority to appear either by his own counsel or by counsel substituted for him—at least not until he had surrendered to the actual or constructive custody of the court."

The evidence before the court in our case showed that the defendant deliberately and intentionally, and without lawful or any excuse, failed to secure an attorney as suggested to him by the court, and to appear at the time set for trial of which time he had due notice. ▉ Defendant's letter to the district attorney, its delightful indefiniteness as to when, if ever, defendant would contact the district attorney, the lack of any address, the inability of the district attorney and police to get any line on defendant's whereabouts, plus his failure to appear, were sufficient to justify the court in determining that his failure to appear was deliberate and that defendant absented himself with full knowledge that a trial was to be had. (Pen. Code, § 1043.) Nor can the letter be considered to be, as interpreted by petitioners, a mere request for a continuance of trial. It was a definite statement that defendant did not intend to be tried on the date set, and whether or not he would ever be tried was for defendant to determine. Later, it appeared that defendant's main reason for not appearing was his idea that if he got out of the state he would not be extradited and therefore never would be tried. Thus the court was justified in refusing to grant him a new trial. Any other conclusion than that defendant was properly tried here in absentia, would, as said in *People* v. *Mathews*, 139 Cal. 527, 531 [73 P. 416], where the defendant on bail purposely absented himself while the jury were viewing the premises of the crime, "be in fact allowing the defendant to take advantage of his own wrong and misconduct, which is violative of one of the maxims of the law." Petitioners' fears that a determination by us that a misdemeanant may be tried in absentia under the circumstances here, might result in the later trying of one who might have a good excuse for not appearing the day of the trial, are without foundation, first, because the trial court would not try a defendant in absentia unless, as here, the circumstances showed that the defendant was deliberately and without excuse absenting himself, and secondly, on motion for new trial the court would

undoubtedly set aside the conviction if the defendant's absence were legitimate.

Petitioners contend that the municipal court had two other remedies to meet the situation and for that reason the court had no power to try defendant in his absence. These, they claim, were the power to punish defendant for contempt, and secondly to forfeit defendant's bail. It is very doubtful if these remedies were open to the court. Would contempt lie in view of the cases holding that defendant may be tried *in absentia*? Moreover, to find him in contempt the court would probably as a practical matter have to try him in absentia (if contempt can be so tried), as a defendant who deliberately refused to appear for trial would not present himself for contempt proceedings. As to forfeiture of bail, *People* v. *Ebner,* 23 Cal. 158, and *People* v. *Budd,* 57 Cal. 349 (both *supra*), hold that forfeiture is not proper inasmuch as defendant can be tried in absentia. However, *Pacific Indem. Co.* v. *Superior Court,* 102 Cal.App. 566 [283 P. 345], seems to hold to the contrary. Moreover, under the Vehicle Code certain consequences attach to conviction under section 502 such as possible suspension of operator's license, consequences of a second similar offense, etc. Limiting the remedy here to a forfeiture of bail would mean that a defendant could by his own wrong obviate the consequences following a conviction.

Moreover, assuming that both of the above mentioned remedies were open to the court, they are and should be in nowise exclusive of the right under the circumstances here to try defendant in absentia.

There was no denial of due process here, nor of defendant's right to assistance of counsel, and to be present at the trial. The court gave defendant ample time to get counsel. Therefore *People* v. *Avilez,* 86 Cal.App.2d 289 [194 P.2d 829], and *In re McCoy,* 32 Cal.2d 73 [194 P.2d 531], do not apply.[3] As to the right to be present at the trial defendant voluntarily refused to exercise that right and thereby waived it. A defendant in a criminal case has many rights, the denial of which to him would constitute a denial of due process, and yet the defendant may waive such rights without it affecting due process in the trial. Thus, sec-

[3]The appointment by the court the day of the trial of an attorney to represent defendant, while not necessary under the circumstances, evidenced the desire of the court to protect defendant's interests as far as it reasonably could in view of defendant's deliberate failure to appear.

tion 686, subdivision 3, Penal Code, provides that a defendant is entitled to be confronted with the witness against him. This right can be waived. (*People* v. *Wallin,* 34 Cal.2d 777, 781 [215 P.2d 1].) ▪ The right of a defendant to be brought to trial within 60 days after the filing of the information, may be waived. (*People* v. *O'Leary,* 130 Cal.App.2d 430, 436 [278 P.2d 933].) ▪ No person shall be twice put in jeopardy for the same offense. Failure to raise the plea is a waiver. (*In re Hess,* 45 Cal.2d 171, 176 [288 P.2d 5].) ▪ The right to a public trial (Pen. Code, § 686, subd. 1) may be waived. (*People* v. *Stanley,* 33 Cal.App. 624, 628 [166 P. 596].) ▪ The right to defend with counsel may be waived. (*People* v. *Justice,* 125 Cal.App.2d 572, 575 [270 P.2d 859].) ▪ The right to trial by jury may be waived. Judgment may, in a proper case, be pronounced in the defendant's absence. (Pen. Code, § 1193.)

We deem it unnecessary to discuss the cases which in some other jurisdictions hold that under no circumstances may a defendant be tried in a misdemeanor case in his absence without his express consent.[4] The rule in California is otherwise. Penal Code, section 1043, expressly says so. ▪ While it is true that at common law an absconding misdemeanant could not be tried in his absence unless the misdemeanor was punishable solely by fine, we find no such limitation in this state. Petitioners concede that the rule is, and cite many cases supporting it, that once a criminal trial is started, even felony trials, and the defendant absconds, the trial may pro-

---

[4]For example, in *Gray* v. *State* (1929), 158 Tenn. 370 [13 S.W.2d 793], it was held that even in a misdemeanor case, the defendant may not be tried in his absence. (There, however, the defendant's absence was excusable due to the serious illness of a member of his family.) To the same effect, *State* ex rel. *Underwood* v. *Brown* (1951), 193 Tenn. 113 [244 S.W.2d 168]; *Stuart* v. *State* (1911), 6 Okla.Crim. 27 [115 P. 1026]; *Lawn* v. *People* (1888), 11 Colo. 343 [18 P. 281]; *Love* v. *State* (1913), 71 Tex.Crim. 259 [158 S.W. 532]; *People* v. *Beck* (1922), 305 Ill. 593 [137 N.E. 454]; *State* v. *Young,* 86 Iowa 406 [53 N.W. 272]; *Cole* v. *State* (1926), 35 Okla.Crim. 50 [248 P. 347]; *People* v. *Perkins* (1828), 1 Wend. (N.Y.) 91; *United States* v. *Shelton* (1925), 6 F.2d 897.

Contra, holding that a misdemeanant may be tried in absentia, are *Henderson* v. *Town of Murfreesboro* (1915), 119 Ark. 603 [178 S.W. 912]; *State* v. *Eskew* (1945), 206 S.C. 520 [34 S.E.2d 767]; *Shifflett* v. *Commonwealth* (1894), 90 Va. 386 [18 S.E. 838]; *Tate* v. *Lamb* (1954), 195 Va. 1005 [81 S.E.2d 743].

1 Bishop's New Criminal Procedure, 233, recognizes the lack of uniformity in American cases on this subject.

ceed in his absence.[5] We see no practical difference between such a situation and the one here, where the defendant instead of attempting to stop the progress of a trial by absconding, attempts by the same process to prevent the trial starting. By so doing he waives his right to be present.

The writ is discharged and the defendant remanded to custody.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 29, 1957, and petitioner's application for a hearing by the Supreme Court was denied June 26, 1957. Carter, J., was of the opinion that the petition should be granted.

---

[5]This is the majority rule in the United States. (See 14 Am.Jur. p. 905, § 199; 23 C.J.S. p. 309, § 975(a); 100 A.L.R. 480; see also *Diaz v. United States, supra*, 223 U.S. 442, 445.)  In spite of petitioner's concession, the question of whether California follows the majority rule has not yet been determined.